United States District Court
Southern District of Texas
**ENTERED**
December 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRAVIS A. CHAMBERS, TDCJ #02361539, <br><br>  Plaintiff, <br> VS. <br><br> OFFICER KATUE, <br><br>  Defendant. | § § § § § § § § § § § CIVIL ACTION NO. H-21-4060 |

## MEMORANDUM AND ORDER OF DISMISSAL

The plaintiff, state inmate Travis A. Chambers (TDCJ #02361539), is currently in custody of the Texas Department of Criminal Justice (TDCJ) at the Estelle Unit. He filed this prisoner civil rights action under 42 U.S.C. § 1983, alleging that an officer at the Estelle Unit closed his cell door when his mattress was on fire to "smoke him out" and then doused him with a high-power water hose. Because Chambers is an inmate who proceeds *in forma pauperis*, the Court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court will dismiss this case for the reasons explained below.

### I. BACKGROUND

Chambers alleges that on November 15, 2021, at approximately 9:30 p.m., a fire broke out in his cell. Doc. No. 1 at 4. He alleges that the defendant Katue, who he describes as an

African officer working on the A-1 cell block that night, closed the cell door with Chambers inside during the fire. *Id.* He alleges that sometime thereafter, Officer Katue opened the door and sprayed him with a high-power water hose for three minutes, spraying him in the face and wetting his commissary purchases and important mail. *Id.* Chambers alleges that Katue violated TDCJ policies and his federal rights by putting his life in danger trying to set his cell on fire. *Id.* He alleges that he replays what happened in his mind and cannot believe that the officer tried to burn him alive in his cell. He is asking for $200,000 for mental anguish. *Id.*

## II. DISCUSSION

Because this lawsuit is governed by the PLRA, Chambers cannot recover compensatory damages for mental anguish due to his confinement without showing that he has suffered a physical injury. *See* 42 U.S.C. § 1997e(e). Chambers does not allege facts establishing that he has suffered a physical injury and appears to seek damages for mental anguish alone. See Doc. No. 1 at 4-5. Therefore, his claim for monetary damages must be dismissed for failure to state a claim for which relief may be granted.

Further, even if Chambers had alleged a physical injury, it is evident from his pleadings that he did not exhaust his state remedies as required under the PLRA. *See* 42 U.S.C. § 1997e(a) (requiring that a prisoner exhaust his state remedies before filing a federal civil suit); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). Exhaustion of all administrative remedies is mandatory. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that

unexhausted claims cannot be brought in court.").

Chambers alleges that this incident occurred on the night of November 15, 2021, and his pleadings reflect that he signed his complaint on December 1, 2021, only 16 days later. The TDCJ has a two-step grievance process which is required before a prisoner can bring his claims into federal court. It is evident from this chronology that Chambers did not exhaust his state remedies before filing this case.

Where, as here, it is clear that the prisoner did not properly exhaust his available state remedies before filing suit, a district court may dismiss the case without requesting an answer from the defendant. *See Dillon v. Rogers*, 596 F.3d 260, 272 n. 3 (5th Cir. 2010); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("[A] court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the claim makes clear that the prisoner failed to exhaust."). Therefore, his complaint will be dismissed for failure to state a claim for which relief may be granted. *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001). "A dismissal of a prisoner's complaint for failure to state a claim, predicated on failure to exhaust, counts as a strike for purposes of 28 U.S.C. § 1915(g)." *Chambers v. Lorentz*, Civ. A. No. H-18-4233 (S.D. Tex. Nov. 16, 2018) (citing *Ards v. Martin*, 719 F. App'x 402, 403 (5th Cir. 2018) (per curiam); *Emmett v. Ebner*, 423 F. App'x 492, 493-94 (5th Cir. 2011) (per curiam)).

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Travis A. Chambers is **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.

2. The plaintiff shall pay the full filing fee for indigent litigants in periodic payments as provided under 28 U.S.C. § 1915(b). The TDCJ Inmate Trust Fund shall deduct funds from the inmate trust account of Travis A. Chambers (TDCJ #02361539) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. All pending motions, if any, are **DENIED as MOOT**.

4. This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at: **Three_Strikes@txs.uscourts.gov.**

The Clerk will send a copy of this order to the parties and will also provide a copy of this order to (1) the TDCJ Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, by email at ctfcourt.collections@tdcj.texas.gov, and (2) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, this  14th  day of December 2021.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE